IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMOND L. LEE, JR., et al.,

                         Plaintiff,                  Case No. 3:09 CV 766

    -vs-

                                                                  MEMORANDUM OPINION

COUNTRYWIDE HOME LOANS, INC., et al.,

                         Defendant.

KATZ, J.

This matter has been remanded by the Sixth Circuit, and is currently before the Court on Defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss. For the reasons stated herein, Defendants' motion is denied.

**I. Motion to Dismiss Standard**

FED. R. CIV. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir. 2007).

**II. Discussion**

Prior to the Sixth Circuit's ruling, Defendant mortgage broker NGRM, LLC d/b/a Stonefire Mortgage, and Defendant Stonefire agent Kim Deal (collectively, "Stonefire"), sought summary judgment against Plaintiffs' claims that they breached their fiduciary duty and committed common law fraud by concealing a yield spread premium paid in connection with Plaintiffs' mortgage. This Court denied Stonefire's summary judgment motions. *See Lee v. Countrywide Home Loans, Inc.*, No. 3:09-cv-766, 2010 U.S. Dist. LEXIS 36128, at *13-*19 (N.D. Ohio April 13, 2010) (hereinafter, "Summ. J. Op."). In the same opinion, this Court granted

summary judgment in favor of Defendant mortgage lenders Countrywide Home Loans, Inc., and Bank of America, N.A. (collectively, "Countrywide"),[1] against Plaintiffs' claim that Countrywide committed common law fraud by concealing the yield spread premium, as well as against Plaintiffs' claim that Countrywide conspired with Stonefire to conceal the yield spread premium. *See id*. at *8-*13.[2]

  After summary judgment, Plaintiffs filed a notice of appeal to the Sixth Circuit. Before the appeal was decided, however, Plaintiffs settled with Stonefire and voluntarily dismissed all claims against it, including the claims that Stonefire breached its fiduciary duty and committed common law fraud. Thus, when it came time for the Sixth Circuit to decide Plaintiffs' appeal, all that remained were Plaintiffs' Countrywide claims, against which this Court had previously entered summary judgment. The Sixth Circuit affirmed-in-part and reversed-in-part summary judgment. *See generally Lee v. Countrywide Home Loans, Inc.*, 692 F.3d 442 (6th Cir. 2012) (hereinafter, "6th Cir. Op."). The Circuit affirmed summary judgment on the fraud claim, *id*. at 449-50, but reversed and remanded for trial on Plaintiffs' claim that Countrywide committed civil conspiracy. *Id*. at 446-49, 52. The Circuit concluded that there is "a question of fact as to whether Countrywide knew of and aided in Stonefire's breach." *Id*. at 447.

---

[1] Bank of America's presence as a defendant is due to its status as successor by merger to the former Countrywide Bank, N.A. There is no meaningful difference in the instant matter between Bank of America's liability and that of Defendant Countrywide Home Loans, Inc. *See* Summ. J. Op., 2010 U.S. Dist. LEXIS 36128, at *2 n.1.

[2] Plaintiffs also sued Stonefire for violation of the Ohio Mortgage Brokers Act, Summ. J. Op. at *17 n.4, and Countrywide for violation of the Truth in Lending Act. *Id*. at *6-*8. Those claims, however, are not relevant to the instant motion, and in any event are no longer pending.

Upon remand, Countrywide filed the instant motion to dismiss. In it, Countrywide argues that Plaintiffs cannot prove an essential element of the pending conspiracy claim; namely, the existence of an unlawful act independent of the conspiracy. *See id*. at 446 (articulating civil conspiracy elements). This is so, Countrywide argues, because by voluntarily dismissing the claims against Stonefire, Plaintiffs dismissed all claims that constitute an unlawful act that is independent of the alleged civil conspiracy. Plaintiffs counter that Countrywide's failure to raise this argument on appeal amounts to a waiver under the "law of the case" doctrine. Moreover, Plaintiffs argue that the *res judicata* effect of the dismissal is not applicable here because Countrywide is not in privity with Stonefire. The Court need not address Plaintiffs' arguments to deny Countrywide's motion, however, as a separate "law of the case" rule requires denial.

It is well settled that issues decided by necessary inference constitute the law of the case, and therefore bar reconsideration of identical issues in the same proceeding. *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (citations omitted); *see also id*. (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir. 1973)) ("[W]hen a case has been remanded by an appellate court, the trial court is bound to 'proceed in accordance with the mandate and law of the case as established by the appellate court.'"). Here, the Sixth Circuit, by necessary inference, has already rejected the basis of Countrywide's motion; i.e., the Sixth Circuit necessarily rejected the notion that Plaintiffs' dismissal of the claims against Stonefire precludes Plaintiffs from proving the civil conspiracy claim's "independent act" element.

First, the Sixth Circuit expressly acknowledged that Plaintiffs voluntarily dismissed the claims against Stonefire, but nevertheless reversed summary judgment and directed this Court to try the civil conspiracy claim. *See* 6th Cir. Op. at 446 (noting that "[Plaintiffs and Stonefire]

3

entered into a settlement agreement, and . . . the trial court dismissed the claims against [Stonefire]."); *id*. at 452 (notwithstanding the dismissal, Sixth Circuit "reverse[s] and remand[s] for trial on the common law civil conspiracy claim."); *see also id*. at 449 ("This case should proceed to trial on the claim of civil conspiracy.").

Second, in analyzing whether Plaintiffs can satisfy the civil conspiracy claim's "independent act" element, the Sixth Circuit *repeatedly* alluded to evidence whereby a reasonable jury could conclude that Stonefire breached its fiduciary duty. This despite the Sixth Circuit's prior acknowledgment that the claims against Stonefire had been dismissed. *See* Summ. J. Op. at 449 ("Stonefire's breach of its fiduciary duty to [Plaintiffs], if proved at trial, would qualify as an underlying wrong, independent from the conspiracy itself."); *id*. at 448 ("[Plaintiffs] have easily met their summary judgment burden on the question of whether Countrywide aided Stonefire in its breach of fiduciary duty."); *see also id*. at 447 ("[A] juror could infer that Stonefire concealed the Yield Spread Premium [in breach of its fiduciary duty] . . . ."); *id*. at 448 (acknowledging Plaintiffs' assertion that "[T]he Mortgage Brokerage Business Disclosure . . . would have put Countrywide on notice that Stonefire habitually neglected its fiduciary duties."); *id*. (evidence raises "a question of fact as to whether Countrywide knew of Stonefire's improper concealment of the Yield Spread Premium . . . ."); *id*. at 449 (Stonefire's breach . . . would not have been possible without the aid of a co-conspirator, in this case Countrywide . . . .").

What's more, the Sixth Circuit was free to use the voluntary dismissal as a basis for affirming judgment in favor of Countrywide, notwithstanding the fact that Countrywide never raised the argument on appeal. Yet, the Sixth Circuit did not do so. *See Kennedy v. City of Villa Hills*, 635 F.3d 210, 214 n.2 (6th Cir. 2011) (quoting *Leary v. Daeschner*, 228 F.3d 729, 741 n.7

(6th Cir. 2000)) (explaining that while appellants waive arguments by not raising them on appeal, appellees do not so waive arguments; rather, the Sixth Circuit can affirm a district court on any basis supported by the record); *accord Skinner v. McLemore*, No. 08-1353, 2011 U.S. App. LEXIS 11472, at **5 (6th Cir. June 7, 2011).

In summary, the Sixth Circuit's opinion creates a necessary inference that the Circuit already rejected Countrywide's argument that it now offers via the instant motion to dismiss; namely, that Plaintiffs' dismissal of the claims against Stonefire precludes Plaintiffs from proving the civil conspiracy claim's "independent act" element. Such rejection constitutes the law of the case to which this Court is bound, *Hanover*, 105 F.3d at 312, and Countrywide's motion to dismiss is therefore denied.

### III. Conclusion

For the reasons stated herein, Countrywide's motion to dismiss is denied. Doc. 97.

IT IS SO ORDERED.

                                                S/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE